UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| GS HOLISTIC, L.L.C., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:25-CV-029-CHB-CHL |
| | ) |
| v. | ) |
| | ) **ORDER ADOPTING MAGISTRATE** |
| MAA KHODIYAR, INC., et al., | ) **JUDGE'S REPORT AND** |
| | ) **RECOMMENDATION** |
| Defendant. | ) |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court on the Report and Recommendation ("Recommendation") filed by United States Magistrate Judge Colin H. Lindsay, [R. 22]. The Recommendation addresses Plaintiff's Motion for Default Final Judgment Against Both Defendants, [R. 17]. The Magistrate Judge previously ordered Plaintiff to supplement its motion with legal arguments and factual proof that service upon Defendant MAA Khodiyar Inc. d/b/a Eagle Smoke Shop ("Eagle Smoke Shop") has been properly accomplished. [R. 21]. Plaintiff failed to supplement his motion as ordered. As such, the Magistrate Judge recommends that the motion be denied to the extent Plaintiff seeks a default judgment against Defendant Eagle Smoke Shop, but granted to the extent Plaintiff seeks a default judgment against Defendant Vishnubhai Patel.  [R. 22, pp. 19–20]. The Magistrate Judge also recommends that Plaintiff's claims against Eagle Smoke Shop be dismissed without prejudice due to Plaintiff's failure to properly and timely serve Eagle Smoke Shop pursuant to Federal Rule of Civil Procedure 4. *Id.* at 19. The Magistrate Judge expressly warned Plaintiff that its failure to file objections, "including objections requesting an extension of the time for service based upon a showing of good cause [] is likely to result in dismissal of its claims against" Defendant Eagle Smoke Shop. *Id.* at 8, 19 n.6.

The Magistrate Judge's Recommendation advised the parties that any objections must be filed with fourteen days. *Id.* The time to file objections has passed, and neither party has filed any objections to the Recommendation nor sought an extension of time to do so.

Generally, this Court must make a de novo determination of those portions of the Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." See *Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with the Magistrate Judge's Recommendation. Accordingly, the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation, [**R. 22**], is **ADOPTED** as the opinion of this Court.

2. Plaintiff's Motion for Default Final Judgment Against Both Defendants, [**R. 17**], is **GRANTED IN PART** and **DENIED IN PART**

    a. The motion is **GRANTED** to the extent Plaintiff seeks a default judgment against Defendant Vishnubhai Patel.

    b. The motion is **DENIED** to the extent Plaintiff seeks a default judgment against Defendant MAA Khodiyar Inc. d/b/a Eagle Smoke Shop.

    c. The motion is **DENIED** to the extent Plaintiff seeks an order for destruction of the infringing products pursuant to 15 U.S.C. § 1118.

3. Plaintiff is **AWARDED** the following damages:

    a. $20,000.00 in statutory damages

    b. $927.00 in costs

4. Defendant Vishnubhai Patel is **PERMANENTLY ENJOINED** from infringing upon G.S. registered trademarks Nos. 6,633,884; 6,174,292; 6,174,291; and 7,028,399, including but not limited to: import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing development, display, delivery, marketing advertising or promotion of the counterfeit Stündenglass product identified in the complaint and any other unauthorized Stündenglass product, counterfeit, copy or colorful imitation thereof.

5. Plaintiff's claims against Defendant MAA Khodiyar Inc. d/b/a Eagle Smoke Shop are **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 4(m).

6. All claims having been resolved in this case, this matter is **DISMISSED**, all dates and deadlines are hereby **VACATED**, and this matter is **STRICKEN** from the Court's active docket.

7. A separate judgment will follow.

This the 9th day of February, 2026.



CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY